MURPHY v. HALLINAN et al.

(Supreme Court, Appellate Division, Fourth Department.  March 8, 1904.)

1. EXPLOSION OF BLAST—NEGLIGENCE—KNOWLEDGE OF CONDITIONS—DUTY TO ASCERTAIN.

　　A defendant, sued for having accidentally exploded a blast of dynamite by hammering on an adjacent rock, is not chargeable with negligence in not having first examined the ledge of rock to see whether another blast, which had exploded six feet away, scattering débris, had not produced a fissure in the rock leading into the hole drilled for the unexploded blast, and also loosened the rock adjacent thereto, so as to make his hammering the possible occasion of the second explosion.

Appeal from Trial Term, Herkimer County.

Action by Bernard Murphy against Patrick Hallinan and another. From a judgment in favor of plaintiff, and from an order denying a motion for new trial on the minutes, defendants appeal.  Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles J. Palmer, for appellants.
R. F. Livingston, for respondent.

HISCOCK, J.  This action was brought to recover damages resulting from the unexpected explosion of a charge of dynamite employed for blasting purposes, and which it is claimed was caused by the negligent act of one of the defendants, who were copartners, in hammering a rock near the hole where the dynamite was.  We think the learned trial justice committed error in refusing to charge, as requested by defendants, upon certain propositions assuming want of knowledge of the condition of the hole containing the dynamite.

The defendants were engaged in cleaning out some rock in the city of Little Falls for the purpose of erecting a building. Plaintiff was in their employ. It was necessary to blast the rock, and for this purpose upon the occasion in question two holes had been drilled therein. These were about six feet apart. One was drilled in a bed of rock about a foot higher than the other. The upper hole was about four feet and a half long, and the other one a foot shallower. A charge of dynamite was put in each, and an attempt made to explode the same. The charge in the lower hole, however, did not explode, and subsequently the plaintiff, with a metal spoon, was engaged in trying to remove it. A loose rock thrown out by the blast which did explode lay on top of the table of rock near the hole which held the unexploded charge. Evidence was given in behalf of plaintiff tending to show that, as a result of the explosion in the upper hole, a seam was created about a quarter of an inch wide, running through the lower hole, and that the bed rock next the hole, and upon which lay the detached piece of rock already referred to, had itself become somewhat loosened; that while plaintiff had his spoon out of the hole, and concurrently with the hammering by defendant and his assistant upon the detached piece of rock, the charge of dynamite in the hole exploded. The claim of plaintiff is that the hammering upon the detached piece resting upon the loose rock next to the hole communicated such a jar to the dynamite as to explode it. While, as stated, there was evidence tending to show the existence of these conditions, it was very emphatically disputed by opposing testimony given in behalf of the defendants; and they urge not only that they did not set off the dynamite by any hammering which was done, but that, upon the other hand, the plaintiff undoubtedly set it off by striking the charge or the cap therein with his metal spoon. Whatever may be the truth in respect to this, there does not seem to be any opportunity for plaintiff to successfully claim that the striking done by defendant and his assistant could possibly have set off the charge of dynamite, unless there was a seam through the hole where it rested, and the rock adjoining the hole had become more or less loosened. The evidence given at least by one or more of the witnesses called by plaintiff leaves in the mind considerable uncertainty whether, under all of the circumstances, the dynamite could have been exploded by the hammering, even assuming that there was a seam through the hole. Certainly all of the evidence leaves no doubt that the explosion could not have been occasioned by the hammering if the seam and the loosening of the adjacent rock were not present. While defendants' evidence disputed the existence of this seam and the loosening of the adjacent rock, it still, perhaps, might have been permissible for a jury to find that the defendant present knew of it, if, as claimed by plaintiff, it did actually exist. Such finding, however, would have been somewhat by way of inference. There was no direct evidence which conclusively established that defendant did know of the seam, if it was there. After the discharge of the blast in the other hole, there was more or less débris around the lower one, and defendant was at work upon and around the detached piece of rock before mentioned. A finding by the jury that he did not know of the seam

through the hole, and the dislodgment of the rock around it, would have been sustained by the evidence.

Under such circumstances, the learned court was requested, and refused, to charge "that unless the defendants knew, or the defendant James Hallinan knew, that the rock on the south side of the hole—on the south side of the crack running through the lower hole—was loose at the time of an attempt to split the rock with the wedge, that then there can be no recovery"; also "that the defendant James Hallinan, and consequently the defendants in this case, cannot [could not] be guilty of negligence if James Hallinan did not know·of the existence of the crack running through the lower hole." By such refusal to charge upon an assumption of facts which might have been found by the jury, the trial justice necessarily permitted the jury to find that the defendants, through the one there engaged, ought to have known of the alleged condition, even if they did not; that, in the exercise of the necessary care and diligence, the latter should have examined and detected the presence of the conditions which are said to have led up to the accident. We think that, under all of the circumstances surrounding the accident, this imposed upon the defendants a higher degree of responsibility than was proper.

The case was submitted upon the theory, as we understand it, that the jury might find the defendants liable because of the personal negligence of the defendant in striking the rock. We think that, practically and in effect, that was the charge made. An attempt to apply to the solution of the case those principles which relate to the furnishing to the employé of a suitable place in which to work seems somewhat remote. Upon the theory of the plaintiff, the place at which he was put to work was safe enough in the absence of the personal acts of one of the defendants. In the absence of those acts, it is insisted that the accident would not have happened, and therefore the narrow, specific, practical question is whether the defendants were guilty of negligence, upon such an assumption of facts as was made in the requests to charge already referred to. As already suggested, these requests leave to be determined the question whether, before defendant did or permitted the hammering, he ought to have assumed that the lower hole might have been broken into, and should have examined for such conditions. The two holes were six feet apart, and the bed rock in that locality in which the holes were located were rock. There is no evidence to indicate that the explosion of such a blasting charge as was used was liable to create a fissure running through the hole containing the charge which did not explode. So far as we are able to discover, there is no evidence to indicate that a man exercising ordinary care and caution and prudence and foresight, even in the use of such explosives as dynamite, ought to have foreseen the conditions which by plaintiff are said to have arisen. Apparently, the result of the refusals to charge and of the findings by the jury was to hold that, simply because a blast had exploded in one place, the defendants ought to have known that there would be a crack in a solid rock six feet away. We think that the enforcement of such a rule of liability upon the evidence in this case would practically amount to making the defendants insurers against

all possible contingencies, and of requiring them to anticipate and foresee and look out for conditions which no man, in the exercise of ordinary care, would be required to anticipate.

Various other questions are suggested in the case, which we do not regard as essential to decide, in view of the conclusions reached upon the branch discussed. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, with costs to appellants to abide event, upon questions of law and fact. All concur; McLENNAN, P. J., and SPRING and STOVER, JJ., upon the additional ground that the verdict was against the weight of evidence.